IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,081-01






EX PARTE MICHAEL DWAYNE COCHRAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-24656-A IN THE 159TH JUDICIAL DISTRICT COURT


FROM ANGELINA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to 
sexual assault of a child, and was sentenced to eighteen years' imprisonment. He did not appeal his
conviction. 

 Applicant contends, inter alia, that his plea was involuntary, that his counsel was ineffective,
and that he was denied the right to appeal. Counsel has provided an affidavit responding to some
of Applicant's allegations. However, there are no copies of the plea documents, admonishments,
waivers, or stipulations in the habeas record. Applicant alleges that he expressly waived appeal, but
that he did so before he was sentenced. Applicant also alleges that trial counsel tried to file a notice
of appeal at Applicant's behest, but that the trial court refused to file the notice, and that counsel did
not pursue the matter.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 

466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the record with copies of the plea documents, including
any written admonishments, any waivers signed by Applicant, and a copy of the trial court's
certification of Applicant's right of appeal, if one was entered. The trial court shall make findings
of fact as to whether Applicant was properly advised as to the nature of the charges, the applicable
sentencing range, the rights he was waiving, and the consequences of his plea. The trial court shall
make findings as to whether Applicant expressly waived his right to appeal, and if so, when such
waiver was made. The trial court shall make findings as to whether Applicant indicated a desire to
appeal after sentencing, and as to whether trial counsel filed a notice of appeal on Applicant's behalf. 
If counsel tried to file a notice of appeal, the trial court shall make findings as to whether the trial
court accepted the filing, and whether appellate counsel was appointed. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 17, 2008

Do not publish